SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE
COMPANY and INSPERITY
HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CAMPBELL,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITEDHEALTHCARE INSURANCE CO., INSPERITY HOLDINGS INC., and DOES 1-10,<br><br>        Defendants. | Case No. 2:23-cv-08823-RGK-E<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO CLARIFY NINTH CIRCUIT MEMORANDUM REGARDING IMPOSITION OF LIABILITY AGAINST UNITED FOR STATUTORY PENALTIES CLAIM THAT WAS NOT BROUGHT AGAINST IT AND TO STAY RESOLUTION OF PLAINTIFF'S REQUEST FOR STATUTORY PENALTIES PENDING THE COURT'S CLARIFICATION**<br><br>Honorable R. Gary Klausner<br>Date:  July 27, 2026<br>Time:  9:00 a.m.<br>Place:  Roybal Federal Building and U.S. Courthouse, 254 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor<br><br>[*Filed concurrently with Declaration of Ryan R. Tikker; and [Proposed] Order*] |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 27, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner of the above-entitled Court, located at Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Defendants UnitedHealthcare Insurance Company ("United") and Insperity Holdings, Inc. ("Insperity," and collectively, "Defendants") will and hereby do move the Court for an order clarifying the scope of the remand ordered by the United States Court of Appeals for the Ninth Circuit in its Memorandum disposition filed April 13, 2026 (Dkt. No. 100) (the "Memorandum"), and to stay briefing regarding the assignment of penalties pending clarification by the Court.

Specifically, Defendants seek an order clarifying that the Ninth Circuit's directive to impose statutory penalties under 29 U.S.C. § 1132(c)(1) cannot be enforced against United because Plaintiff's Second Cause of Action under § 1132(c)(1) was brought only against Insperity, and was never asserted against United. As a matter of black-letter pleading law and constitutional due process, a court cannot enter judgment against a defendant on a claim that was never brought against it. This motion is based on this Notice of Motion and Motion, the pleadings and records on file, and any further evidence or argument presented at the hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 18, 2026. The Parties could not come to an agreement resulting in the instant motion.

DATED: June 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Kathleen Cahill Slaught*
    Kathleen Cahill Slaught
    Ryan R. Tikker

Attorneys for Defendants
UNITEDHEALTHCARE
INSURANCE COMPANY and
INSPERITY HOLDINGS, INC.

1

Defendants UnitedHealthcare Insurance Company ("United") and Insperity Holdings, Inc. ("Insperity," and collectively, "Defendants"), submit the following motion to clarify the Ninth Circuit's April 13, 2026 unpublished Memorandum Order (Dkt. 100, the "Memorandum"), which reversed this Court's judgment, and appears to impose statutory penalties against United pursuant to 29 U.S.C. § 1132(c)(1). Defendants also seek a stay of briefing on Plaintiff's motion for statutory penalties pending resolution of the Court's resolution of this motion to clarify.

## I. <u>INTRODUCTION</u>

The Ninth Circuit vacated this Court's judgment declining to impose statutory penalties and remanded with instructions to determine whether fees should be imposed consistent with its disposition. (Dkt. 100 at 8.) In doing so, the Memorandum briefly recounted the procedural history, noting that Campbell requested the administrative record, that United acknowledged receipt of those requests, and that United failed to produce the operative health benefit plan document.

However, the Ninth Circuit's discussion does not consider a critical issue in Plaintiff's claim: Plaintiff never asserted a cause of action under 29 U.S.C. § 1132(c)(1) against United in any of her three complaints. And in the operative Second Amended Complaint ("SAC"), Plaintiff's first cause of action, styled as a "breach of fiduciary duty" based on alleged violations of § 1132(c)(1), is brought solely against Insperity. (Dkt. 18.) The SAC contains no allegation that United is liable under § 1132(c)(1), nor does it seek statutory penalties from United under that provision. Plaintiff's prayer for relief confirms this limitation.

Fundamentally, United did not receive notice that it was being sued for statutory penalties under § 1132(c)(1) in the operative complaint, did not answer any such claim, and was never afforded the opportunity to defend against such a claim—either factually or legally. As written, the mandate would effectively require this Court to impose liability on United for a claim that Plaintiff never asserted against it. Bedrock principles of pleading, notice, and due process preclude that result.

United therefore respectfully requests that, on remand, this Court clarify that statutory penalties under § 1132(c)(1) cannot be imposed against United.  To the extent Plaintiff seeks such penalties against Insperity—the only defendant against whom the claim was actually pleaded—additional fact-finding would be required.  The existing record does not establish that Plaintiff sent a request to Insperity during the administrative process sufficient to trigger any § 1132(c)(1) penalties, thereby foreclosing the statutory relief Plaintiff seeks and which the Ninth Circuit's memorandum would impose.

## II.    SUMMARY OF FACTS AND PROCEEDINGS

On December 26, 2023, Plaintiff filed the operative SAC against Defendants, asserting one claim for benefits under ERISA against Defendants, one claim for "breach of fiduciary duty 29 U.S.C. § 1132 (c)(1) for failure to produce documents and information," "**[a]s to Insperity Only**," and a breach of fiduciary duty claim for failure to negotiate with Plaintiff.  (Dkt. 18) (emphasis added).

After motion practice, where the breach of fiduciary duty claim for alleged failure to negotiate was dismissed, the case proceeded to a Court Trial on the Briefs.  (Dkt. 61.)  The Court entered a judgment for Defendants on a majority of the claims.  (*See* Dkt. 64.)  Plaintiff appealed.  On April 13, 2026, the Ninth Circuit issued an unpublished Memorandum disposition.  (Dkt. 100.)  As relevant here, the Ninth Circuit held that the Court abused its discretion by declining to impose statutory penalties against United pursuant to 29 U.S.C. § 1132(c)(1).  (*Id.* at p. 7.)  The Ninth Circuit vacated the Court's judgment declining to impose statutory fees and remanded with instructions.  (*Id.* at p. 8.)

The Ninth Circuit's Memorandum appears to have misapprehended who Plaintiff sued and for what cause of action, and, as a result, directed that liability be imposed on United for a claim that was never brought against it.  Such a result would contravene fundamental principles of due process and fairness by imposing liability on a party that lacked notice of the claim and any opportunity to defend against it.  This consequence was plainly unintended.  Indeed, the Memorandum does not address this threshold issue

3

at all (who was sued for what cause of action), underscoring that the Court of Appeals did not recognize that United is not the proper party for this claim and cannot be held liable under § 1132(c)(1) where no such claim was ever brought against it.

## III.   ARGUMENT

### A.   Applicable Legal Standard

According to the rule of mandate, although lower courts are obligated to execute the terms of a mandate, they are free as to "anything not foreclosed by the mandate," *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993), and, under certain circumstances, "[a]n order issued after remand may deviate from the mandate." *U.S. v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) (citing *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987)). "In most cases, enforcing the mandate is uncontroversial because its terms are plain and they square both with the underlying opinion and the procedural history of the case." *Id.* However, "'[o]n remand, courts are often confronted with issues that were never considered by the remanding court.'" *Id.* (citing *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir., *cert. denied*, 522 U.S. 952 (1997)). In such cases, "[b]roadly speaking, mandates require respect for what the higher court decided, not for what it did not decide." *Id.* (internal quotations and citations omitted).

As the Ninth Circuit noted in *Nguyen v. United States*, "although the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court," it 'leaves to the district court any issue not expressly or impliedly disposed of on appeal.'" 792 F.2d 1500, 1502 (9th Cir. 1986) (quoting *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984)). Indeed, the Ninth Circuit has indicated that a "district court is limited by this court's remand in situations where the scope of the remand is clear." *Mendez-Gutierrez v. Gonzalez*, 444 F.3d 1168, 1172 (9th Cir. 2006). As explained by Judge Berzon's dissent in *U.S. v. Bad Marriage*, 439 F.3d 534, 541 (9th Cir. 2006) (Berzon, J., dissenting), a "mandate need not be followed when it *requires* a district court to do something that is illegal in light of intervening controlling

4

authority.  In such a case, the interest in preserving our hierarchical structure must give way to the interest in assuring that courts do not act unlawfully." (emphasis in original).

As is clear, the mandate rule does not require—and the Constitution does not permit—a district court to enter judgment that exceeds the scope of the operative pleadings or that imposes liability on a defendant who was never put on notice of the claim.  Where an appellate decision is silent or ambiguous on a point necessary to entry of judgment, the district court is empowered to resolve that ambiguity in a manner consistent with governing law.  *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (mandate must be read in light of the issues actually presented and decided).

**B.    The Memorandum is Unclear as It Appears to Impose Liability Upon United, Despite No Claim Being Brought Against It to Impose Such Liability.**

First, Plaintiff never asserted a claim under § 1132(c)(1) against United in the operative SAC, a critical issue that appears to have been overlooked or not addressed in the Ninth Circuit's Memorandum.  The SAC makes clear that Plaintiff's first cause of action was brought solely against Insperity, not United.  It is black-letter law that a plaintiff may not obtain relief on a claim that was never pleaded, nor may a court impose liability on a defendant who was not named in that claim.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (plaintiff may not pursue theories not fairly raised in the complaint); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (same).  The Ninth Circuit's remand instruction to "impose fees consistent with this disposition"[1] neither does nor could authorize the imposition of statutory penalties against a defendant who was never named in the underlying § 1132(c)(1) claim.  Had the Ninth Circuit recognized and appreciated that Plaintiff's Second Cause of Action was asserted solely against Insperity, and not United, it could not have intended such a result.  The more reasonable interpretation is that this issue was inadvertently overlooked, as the Memorandum does not address the fundamental

---

[1] Statutory penalties are not "fees," which further complicates this situation.

pleading defect that precludes imposing liability on United for a claim never brought against it.

"The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (9th Cir. 2000). It is a foundational principle of federal civil procedure that a plaintiff may not obtain relief on a claim not asserted in the operative pleading. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and the Supreme Court has emphasized that this rule exists to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 10(b) reinforces that requirement by directing that claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." F.R.C.P. 10(b). Together, these rules ensure that each defendant is notified of the specific claims it must defend against.

The Ninth Circuit has applied these pleading requirements to hold that a plaintiff cannot expand the scope of her claims beyond what is pleaded. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."); *Pickern* 457 F.3d at 968–69 (following motion for summary judgment, Plaintiff raised new theories of liability and Court found district court did not err by holding plaintiff failed to provide defendants with adequate notice of new allegations); *Coleman*, 232 F.3d at 1292 (finding that allowing plaintiffs to proceed with new theory after close of discovery would prejudice the defendant); *Klein v. Boeing Co.*, 847 F. Supp. 838, 844 (W.D. Wash. 1994) ("Klein never asserted this claim prior to his opposition to Boeing's motion for summary judgment, nor has he moved to amend his complaint to add such a claim. Thus, this claim is not properly before the court.").

The same principle bars a plaintiff from obtaining relief against a defendant who was never named in the cause of action at issue. In *Nelson*, the Supreme Court

6

considered a situation where a defendant was never served with an amended pleading, nor was such pleading ever actually composed and filed in court. 529 U.S. at 466. Judgment was entered against the defendant. *See id.* The Supreme Court found that the circumstances of the case "did not provide an adequate opportunity to defend against the imposition of liability." *Id.* The Supreme Court recognized that the requirements of Rule 15 were not met, and "the due process for which it provides, however, demand a more reliable and orderly course." *Id.* at 465-67. So too, here.

Here, the Second Cause of Action is unambiguously and exclusively asserted against Insperity. (Dkt. 18.) Plaintiff never sought leave to amend the SAC to add United as a defendant to that claim, never tried the claim against United by express or implied consent under Rule 15(b), and never identified before this Court a legal basis upon which liability under § 1132(c)(1) could be imposed on United. Under well-settled law, a court may not enter relief on an unpleaded claim or impose liability on a party who was never made to answer that claim. Accordingly, no § 1132(c)(1) relief may be entered against United.

The record does not support any request for documents being directed to Insperity, which eliminates § 1132(c)(1) relief. Indeed, Plaintiff's sole proffered "evidence" at trial, an undated and unstamped envelope addressed to Insperity, does not establish that any request was ever sent or received. Confronted with these deficiencies, Plaintiff strategically blurred the distinctions between Defendants in an apparent effort to impose liability on United where none had (or could have) been pleaded.

But United was never afforded the opportunity to defend itself against a § 1132(c)(1) claim. It did not assert defenses to such a claim, did not address it in briefing as a claim specifically against it (noting all the legal and factual issues with such a claim being brought against it), did not try it at trial as a claim against it, and did not brief it on appeal in the way it would had the claim been brought against it. This deprivation is particularly prejudicial where the governing health benefits plan expressly disclaims United as the plan administrator. (AR 115.) Had United been given notice that such a

7

claim was being (improperly) asserted against it, it would have developed the factual record and presented additional legal arguments accordingly. It was denied that opportunity to do so because Plaintiff elected to plead the Second Cause of Action against Insperity only. As the master of her complaint, Plaintiff did not bring this claim against United in the SAC.

Moreover, the claim was pleaded against Insperity, the named "plan administrator" identified in the SAC. Plaintiff elected to plead her statutory claim against Insperity, and Defendants litigated this case through trial on the briefs on that understanding. While the Ninth Circuit's Memorandum disposition observed that the Plan "specifically designates United as a plan administrator alongside Insperity"—a point that Defendants dispute—that observation cannot retroactively transform Plaintiff's pleadings or "swap" defendants against whom the § 1132(c)(1) claim was never asserted. To impose penalties now, on remand, on a claim not in the SAC against United—would deprive United of the full opportunity to defend itself and is fundamentally unfair.

Nothing in the Memorandum suggests the panel intended to override the operative SAC, recognize an unpleaded claim, or hold United liable on a cause of action never asserted against it. To the contrary, the panel's analysis of the § 1132(c)(1) issue focuses on conduct—failure to produce the plan document and administrative record — that the SAC attributes to Insperity in its capacity as plan administrator, not United. (*See* SAC ¶¶ 77-80 and Prayer (noting the cause of action for violation of 29 U.S.C. § 1132(c)(1) is brought "[a]s to Insperity only," noting that "Insperity owes Plaintiff a penalty of $110.00 per day from 30 days after Plaintiff's request until the time of this lawsuit or the time Defendants produce documents," and praying "[f]or Insperity, penalties at $110.00 per day for failing to provide documents upon Plaintiff's request."). This appears to be based on the mistaken understanding by the Ninth Circuit that Plaintiff's § 1132(c)(1) claim was brought against United—it was not. Reading the mandate in harmony with the pleadings, as this Court must, confirms that the §

8

1132(c)(1) remedy cannot properly be imposed on United.

Allowing imposition of liability against United here, where no claim for statutory penalties was ever brought against it, does not comport with the Federal Rules of Civil Procedure, nor does it comport with due process.  *See id.*; *see, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'") (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)).  The Court should therefore clarify the Memorandum in light of the pleading and procedural history, and decline to impose liability against United.

### C.      Clarification Now Will Avoid Reversible Error and Further Appeals

If this Court were to inclined to impose § 1132(c)(1) penalties on United on remand, the resulting judgment would be vulnerable to reversal for the reasons set forth above, requiring yet another round of appeals and remand.  Clarification now, before any penalty judgment is entered and briefing is concluded, promotes judicial economy and ensures that the Court's implementation of the mandate, if at all, rests on sound pleading and constitutional foundation.

## IV.    <u>A STAY PENDING RESOLUTION OF THIS MOTION TO CLARIFY IS APPROPRIATE</u>

In light of the foregoing, a stay of briefing and any order imposing statutory penalties is appropriate pending resolution of United's motion to clarify.  Courts have inherent authority to stay the enforcement of orders where necessary to preserve the status quo and prevent manifest injustice.  Here, Plaintiff seeks $126,610.00 in statutory penalties pursuant to the Ninth Circuit's memorandum in her Motion for Attorneys' Fees, Costs, Statutory Penalties, and Interest.  (Dkt. 104-1, p. 23.)  She misrepresents the Memorandum, contending the Ninth Circuit found that "Defendants failed to produce the Plan for over three years," again, seeking to blur the lines between her pleadings and the Memorandum, ambiguously referring to Defendants together, and attempting to attribute liability to United despite her pleadings.  (*Id.* at p. 22.)  Absent a stay, United would be subjected to penalties on a claim that was never pleaded against it and as to

which it had no notice or opportunity to defend.  As noted above, this raises serious due process concerns.

A temporary stay will not prejudice Plaintiff but will ensure that the Court first resolves the threshold question of whether § 1132(c)(1) penalties may be imposed against a party who **not** sued on a claim brought under § 1132(c)(1).  Granting a stay therefore promotes judicial economy and fundamental fairness by avoiding potentially improper and irreversible relief.  Accordingly, the Court should stay any imposition of statutory penalties against United pending this motion to clarify.

## V.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court, in clarifying the Ninth Circuit's directive, issue an order noting that penalties are not permissible against United, and decline to impose statutory penalties, consistent with Plaintiff's operative SAC and Prayer for Relief.  Alternatively, Defendants request that any imposition of statutory penalties against United be stayed pending Defendants' Motion.  Alternatively, if Plaintiff seeks penalties against Insperity, then an evidentiary hearing is required to determine if, and when, such a request were ever sent to Insperity.

DATED:  June 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:_/s/ Kathleen Cahill Slaught_
    Kathleen Cahill Slaught
    Ryan Tikker

Attorneys for Defendants

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2026, I caused a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

11

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record, certifies that this the text of this motion is 9 pages and 3,013 words, in accordance with the Court's practices and the Local Rules.

DATED:  June 26, 2026                     Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

NOTICE OF MOTION AND MOTION TO CLARIFY NINTH CIRCUIT MEMORANDUM REGARDING
IMPOSITION OF LIABILITY AGAINST UNITED FOR PENALTIES CLAIM / CASE NO. 2:23-CV-08823-RGK-E