SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:(415) 397-8549

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE
COMPANY and INSPERITY
HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CAMPBELL,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITEDHEALTHCARE INSURANCE CO., INSPERITY HOLDINGS INC.; and DOES 1 through 10,<br><br>        Defendants. | Case No. 2:23-cv-08823-RGK-E<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S FOURTH MOTION FOR ATTORNEY'S FEES**<br><br>Honorable R. Gary Klausner<br>Date:  July 27, 2026<br>Time:  9:00 a.m.<br>Place:  Roybal Federal Building and U.S. Courthouse, 254 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor<br><br>[*Filed concurrently with Motion to Clarify Ninth Circuit's Memorandum Order Imposing Liability Against United for Statutory Penalties and Requesting Stay*] |

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   THE COURT PREVIOUSLY DENIED THREE OF PLAINTIFF'S REQUESTS FOR ATTORNEYS' FEES...............................................................4

III.  ARGUMENT...............................................................................................................7

    A.    Applicable Legal Standards Regarding Request For Fees And Costs............7

    B.    Plaintiff's Records Are Per Se Unreliable ..........................................................7

    C.    The *Hummell* Factors Do Not Support An Award Of  Fees To Plaintiff. ...........................................................................................................9

        1.    *Lack Of Culpable Behavior.* ...................................................................9

        2.    *Defendants' Ability To Pay Fees and Deterrence.* ...........................11

        3.    *Plaintiff Did Not Seek To Benefit All Participants Or Resolve A Significant ERISA Legal Issue.* ...........................................................11

        4.    *Defendants' Position Had Substantial Merit.*...................................11

    D.    Special Circumstances Make An Award Unjust...............................................12

    E.    Plaintiff's Requested Fee Is Unreasonable And Unsupported......................12

        1.    *Hourly Rate.* ...........................................................................................13

        2.    *Plaintiff's Fee Request Should Be Denied Because Her Counsel's Time Records Are Wholly Inadequate.* ...............................14

        3.    *The Kerr Factors Do Not Support An Upward Adjustment.* ..............15

    F.    The Court Should Refuse To Award Plaintiff Interest and Costs.................16

    G.    Plaintiff's Statutory Penalties Claim Is Untenable .......................................16

IV.   CONCLUSION.............................................................................................................18

i

326682401v.6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................... 17

*Black v. Greater Bay Bancorp Exec. Supp. Comp. Benefits Plan*,
2018 WL 1510084 (N.D. Cal. Mar. 27, 2018) ........................................... 10

*Blum v. Stenson*,
465 U.S. 886 (1984) .......................................................................................... 15

*Canseco v. Construction Laborers Pension Trust for Southern California*,
93 F.3d 600 (9th Cir. 1996) ........................................................................... 12

*Caplan v. CAN Financial Corp.*,
573 F. Supp. 2d 1244 (N.D. Cal. 2008) ...................................................... 16

*Carpenters So. Calif. Admin. Corp. v. Russell*,
726 F.2d 1410 (9th Cir. 1984) ...................................................................... 11

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ...................................................................... 16

*Cunningham v. Cty. of Los Angeles*,
879 F.2d 481 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990) .......... 14

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
886 F.2d 1545 (9th Cir. 1989) ........................................................................ 9

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) ........................................................................ 8

*Gurasich v. IBM Ret. Plan*,
2016 WL 3683044 (N.D. Cal. July 12, 2016) ............................................ 11

*Hardt v. Reliance Std. Life Ins. Co.*,
560 U.S. 242 (2010) ............................................................................................ 7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ............................................................................................ 8

ii

*Honolulu Joint Apprenticeship and Training Comm. Of United Assoc. v. Foster*,
332 F.3d 1234 (9th Cir. 2003) ............................................................................ 12

*Jordan v. Multnomah Cty.*,
815 F.2d 1258 (9th Cir. 1987) ............................................................................ 15

*Kerr v. Screen Actors Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975) ..................................................................... 12, 15, 16

*Marchant v. Faurecia Exhaust Systems, Inc.*,
411 F. Supp. 2d 834 (S.D. Ohio 2005) ............................................................... 10

*McGinnis v. Kentucky Fried Chicken of Cal.*,
51 F.3d 805 (9th Cir. 1994) ............................................................................... 15

*McGuffey v. Brink's, Inc.*,
594 F. Supp. 2d 553 (E.D. Pa. 2009) ................................................................. 10

*Mizoguchi v. Unum Life Ins. Co. of Am.*,
2025 WL 3049875 (C.D. Cal. May 9, 2025) ....................................................... 15

*Morales v. City of San Rafael*,
96 F.3d 359 (9th Cir. 1996) ............................................................................... 13

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ........................................................................... 15

*Nelson v. Adams USA, Inc.*,
529 U.S. 460 (2000)........................................................................................... 17

*New England Country Foods, LLC v. VanLaw Food Prods., Inc.*,
2022 WL 2189515 (C.D. Cal. Mar. 29, 2022)................................................... 9, 15

*Oklahoma Aerotronics, Inc. v. U.S.*,
943 F.2d 1344 (D.C. Cir. 1991).......................................................................... 15

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
457 F.3d 963 (9th Cir. 2006) ......................................................................... 16, 17

*Prineville Sawmill Co. v. Longview Fibre Co.*,
2003 WL 23957141 (D. Or. Apr. 23, 2003)........................................................ 14

*Role Models Am., Inc. v. Brownlee*,
353 F.3d 962 (D.C. Cir. 2004)......................................................................... 9, 14

iii

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

*Settlegoode v. Portland Pub. Schs.*,
2005 WL 1899376 (D. Or. Aug. 9, 2005) .............................................................. 9, 16

*Simonia v. Glendale Nissan/Infiniti Disability Plan*,
608 F.3d 1118 (9th Cir. 2010) ............................................................................ 7, 9

*Teicher v. Regence Health and Life Ins. Co.*,
2008 WL 5071679 (D. Or. Nov. 24, 2008) ................................................... 13, 14, 16

*U.S. v. $12,248 U.S. Currency*,
957 F.2d 1513 (9th Cir. 1991) ................................................................................... 8

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) ................................................................................... 13

*Van Gerwen v. Guarantee Mutual Life. Co.*,
214 F.3d 1041 (9th Cir. 2000) ......................................................................... 12, 14, 16

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) .......................................................................... 8, 13, 14

**State Cases**

*Bell v. Vista Unified Sch. Dist.*,
82 Cal. App. 4th 672 (2000) ................................................................................... 14

*Taylor v. Cty. of Los Angeles*,
50 Cal.App.5th 205 (Ct. App. 2020) ......................................................................... 8

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

## I.    INTRODUCTION

Plaintiff Leah Campbell's ("Plaintiff") exorbitant motion for attorneys' fees, costs, statutory penalties, and interest ("Motion") is divorced from the factual circumstances of this matter, prior orders from this Court, and reality.  Where she previously sought $202,500 in her two previously-filed, **and denied** motions for attorneys' fees, (Dkts. 80; 90; 97), she now incredibly seeks from Defendants UnitedHealthcare Insurance Company ("United") and Insperity Holdings, Inc. ("Insperity," and collectively, "Defendants"), an amount more than double that already inflated sum: **$481,532.50**, plus costs, plus additional, unknown fees for her reply brief.  Plaintiff also seeks **over $124,000** against United for her statutory penalties claim, but she never brought such a claim against United.  A statutory award against United, if allowed to stand, would be manifestly unjust and in violation of due process and notice requirements.

In its April 13, 2026 unpublished Memorandum Order, (Dkt. 100, the "Memorandum"), the Ninth Circuit reversed this Court's denial of Plaintiff's attorneys' fees, instructing that such denial was improper "absent specific and logical indicia of unreliability confirmed by comparison to the unredacted, original time sheets."  (Dkt. 100 at 7–8.)  Although this Court previously identified "specific and logical indicia of unreliability"—as detailed in its prior decisions, discussed *infra*—those findings were overlooked by the Ninth Circuit and were not cited in its Memorandum.  In any event, Plaintiff's fourth submission provides an even more robust basis for such a determination, as it reveals additional "specific and logical indicia of unreliability," warranting denial or a substantial reduction of the requested fees.

Plaintiff's billing records have already been rejected three times due to counsel's failure to perform basic arithmetic and, more troublingly,[1] making *post hoc* alteration of

---

[1] This Court used "troubling" in holding "multiple entries had clearly deficient descriptions, such as 'support,' and new entries appeared on dates that previously had no entries.  These issues are also troubling, but not as **troubling** as the altered entries, which call into question the entire billing records."  (Dkt 90 at p. 3, fn. 1 (emphasis added).)

1

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

billing narratives after being given leave to correct only the arithmetic errors, despite twice certifying to accuracy under penalty of perjury.  The Court properly deemed the records "unreliable," including because they were substantively modified without leave.

The pattern is clear.  Instead of merely correcting arithmetic and redactions, counsel revised billing entries, changed narrative descriptions, added entries where none previously existed, and inserted "support" to justify substantial charges, including $2,400 (4 hours) on June 1, 2024, and $5,400 (9 hours each) on June 2 and 3, 2024.  Now, in Plaintiff's fourth submission, counsel has again altered those same entries, recasting them from "support" to equally vague "trial brief" drafting. (Dkt. 104-5.)  These serial revisions, particularly after sworn attestations, constitute precisely the kind of "specific and logical indicia of unreliability" warranting the denial of fees.

*Second*, should the Court find the doctored, reverse-engineered records reliable and contemporaneously[2] made (it should not), the *Hummell* factors do not support a fee award.  Specifically, (1) Defendants did not act in bad faith, instead, United based its claims decisions to deny benefits on the administrative record and applicable health plan ("Plan") terms—as confirmed by United following remand and throughout this litigation. For the Assistant Surgeon Claim, crucially, United never received documents to substantiate the claim; United did not act in bad faith in repeatedly and clearly communicating this deficiency; (2) while Defendants have an ability to satisfy an award, this is not determinative; (3) deterrence is not justified where United denied the Assistant Surgeon Claim based on her provider's failure to supply documentation, which was communicated to her several times, and where United adjudicated the Surgeon Claim based upon "par median" pricing; (4) Plaintiff did not seek to resolve a significant legal issue; (she was only concerned with her individual denial of benefits); and (5) United's positions were supported by substantial evidence.

*Third*, if fees are awarded, Plaintiff's excessive request should be substantially

---

[2] It is impossible for the billing records to be held as contemporaneously made when they have changed multiple times in filings with this Court.

2

326682401v.6

reduced. **Despite this Court already concluding that Plaintiff's hourly rate be set at $600,** Plaintiff seeks the rate of $750/hr, and up to $825/hr for her counsel's time. No client would pay half a million dollars to receive a benefit of $50,000. A claimed increase in rate, despite the Court's previous factual findings, is not in good faith.

*Fourth*, Plaintiff's requested fees do not support that this time was reasonably expended. Plaintiff's counsel allegedly spent extraordinary amounts of time (over 245 hours) drafting an appellate brief (124.3 hours, nearly all with the same copy/pasted block-billed entry), and reply brief (122.4 hours, with the same copy/pasted block-billed entry). Plaintiff also brazenly requests fees for time spent drafting the previously denied attorneys' fees motions, despite the Court already finding that no time should be awarded for that futile exercise, and despite the dozens of hours of briefing due to her counsel's failures.[3] Moreover, counsel's strategy of block billing **hundreds** of hours of time for drafting a legal brief at $800/hr—a bill no client would ever pay—should not be rewarded.

*Fifth*, Plaintiff's request for costs and prejudgment interest is unsupported and improper. She provides no evidence that she personally incurred or paid any portion of the allegedly outstanding benefits. Nor could she. Plaintiff assigned her benefits to the out-of-network providers, and United has since reprocessed the claim and issued payment directly to those providers. Absent proof of out-of-pocket loss, Plaintiff is not entitled to recover interest.

*Finally*, as further explained in Defendants' concurrently-filed motion for clarification and to stay, Plaintiff never asserted a statutory penalty claim against United. Thus, the Court cannot enter judgment against United on a claim that was never pled against it. Doing so would contravene fundamental principles of due process and basic

---

[3] Defendants have incurred significant fees in opposing Plaintiff's multiple, unsuccessful fee motions. Rewarding Plaintiff fees would be unjust.

3

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

fairness.  The Memorandum warrants clarification.[4]

Plaintiff's Motion should be denied, for a fourth time.

## II.    THE COURT PREVIOUSLY DENIED THREE OF PLAINTIFF'S REQUESTS FOR ATTORNEYS' FEES

This is Plaintiff's fourth fee motion based on billing records this Court has already found unreliable.  The Ninth Circuit's Memorandum does not disturb those findings.  On December 26, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC"), asserting one claim for benefits under ERISA against Defendants, and one claim for "breach of fiduciary duty 29 U.S.C. § 1132 (c)(1) for failure to produce documents and information," "**[a]s to Insperity Only**."  (Dkt. 18) (emphasis added).

The case proceeded to a Court Trial on the Briefs.  (Dkt. 61.)  The Court entered judgment for Defendants on a majority of the claims.  (*See* Dkt. 64.)  On remand, United reevaluated the Surgeon Claim at $45,000.00—Defendant explained that the 2021 Plan year pricing was keyed into the system when the claim was adjudicated (that Plan defined UCR as equivalent to par median), whereas the 2020 Plan year had no such definition.  (Dkt. 68-2, p. 31.)  On September 19, 2024, Plaintiff and Defendants cross-moved for attorneys' fees.  (Dkts. 68, 69.)  On October 25, 2024, the Court denied both motions without prejudice.  (Dkt. 80.)  The Court found that Plaintiff's submission was deficient due to wholescale redactions and arithmetic errors, and afforded Plaintiff an opportunity to correct the math and pare down the redactions.  (*Id.* at p. 9.)

Plaintiff refiled, (Dkt. 83), this time submitting billing records with certain redactions removed and basic arithmetic errors corrected, but Plaintiff did not stop there.  In the order denying Plaintiff's Renewed Motion with prejudice, (Dkt. 90), the Court found Plaintiff altered the descriptions of entries without leave, and new entries appeared on dates with previously no entries, casting doubt on the accuracy and reliability of the records.  The Court also held that "multiple entries had clearly deficient descriptions,

---

[4] Defendants respectfully refer the Court to their motion, which should be resolved prior to any judgment regarding statutory penalties.

4

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

such as 'support,' **and new entries appeared on dates that previously had no entries**. **These issues are also troubling**, but not as **troubling** as the altered entries, which call into question the entire billing records." (*Id.* at p. 3, fn. 1 (emphasis added).)

Indeed, the majority of the time descriptions were altered, or fell on different dates:

| Date | Original Filing | Second Submission |
|---|---|---|
| 9/3/23 and 9/4/23 | "Review Leah Campbell File" | "Review and analyze case materials for case evaluation" |
| 9/6/23 | "Draft Leah Campbell Complaint v. United" | "Draft complaint against United based on case materials." |
| 10/18/23 | *No entry on this date* | "Emails with United's counsel re United's requested time extension" |
| 10/19/23 | "Emails with United's Counsel re: extension to respond to Complaint" | *No entry on this date* |
| 11/27/23 | "Reviewing United's Motion to Dismiss the Complaint" | "Analyze United's motion to dismiss for opposition." |
| 11/28/23 | "Reviewing Campbell's Health Plan with United" | "Analyze alleged legal and factual support, including Campbell's Health Plan document" |
| 1/22/24 | "Scheduling Conference" | "Prepare for and attend scheduling conference, including travel" |
| 2/3/24 | "Drafting Opposition to Defendants' Motion to Dismiss Second Amended Complaint" | "Strategize and respond to Defendants' motion to dismiss SAC" |
| 5/30/24 | "Production of documents showing that Insperity was | "Emails to Defendants and producing to Defendants additional documents that |

5

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

| | | |
|---|---|---|
| | sent a letter asking for documents." | belong in the administrative record and legal discussion and analysis relating to propriety of the addition; communications with client regarding additional records" |
| 6/1/24 – 6/3/24 | "Drafting Opening ERISA Brief" | "support" |

(*Compare* Dkt. 93-3 *with* Dkt. 93-4.)

Moreover, in Plaintiff's first submission, there were two entries on May 2, 2024, yet on the second submission, there were three entries on this same date. (*See* Dkt. 93-3, p. 10; 93-4, p .4.) The Ninth Circuit did not address these findings, likely because the Ninth Circuit missed them, which show "specific and logical indicia of unreliability."

Plaintiff moved for reconsideration. (Dkt. 93.) On January 28, 2025, the Court denied that motion. (Dkt. 97.) The Court reaffirmed its determination as to unreliable and that a fees denial is the appropriate remedy.

Plaintiff appealed. On April 13, 2026, the Ninth Circuit issued an unpublished Memorandum disposition and found the Court abused its discretion by denying Plaintiff's renewed motion for attorneys' fees and her related motion for reconsideration. (Dkt. 100 at p. 5.) The Ninth Circuit based this holding on the incorrect premise that Plaintiff's narrative descriptions spanned two lines instead of one after being reformatted to comply with the Court's request. (*Id.*) It held that this "**standing alone**," did not "provide a logical basis to discredit the accuracy and reliability of the billing records as a whole." (*Id.*) (emphasis added.) It did not grapple with the Court's other holdings regarding the glaring and apparent issues in Plaintiff's records.

The Ninth Circuit vacated the denial of the motion for attorneys' fees with instructions to award attorneys' fees "absent specific and logical indicia of unreliability confirmed by comparison to the unredacted, original time sheets." (*Id.* at p. 7-8.) The Ninth Circuit also found that the Court abused its discretion by declining to impose

6

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

statutory penalties against United pursuant to 29 U.S.C. § 1132(c)(1), and vacated the Court's judgment declining to impose statutory fees and remanded with instructions. (*Id.* at pp. 7-8.)

As discussed below, this Court reasonably found that Plaintiff failed to supply accurate, unaltered, and reliable contemporaneous time records—this was true then, it is true now. The Ninth Circuit's Memorandum appears to order liability be assigned to United where Plaintiff never brought a claim against it for statutory penalties, which would result in a violation of due process rights and fundamental fairness.

## III.    ARGUMENT

### A.    Applicable Legal Standards Regarding Request For Fees And Costs.

Under ERISA, a fee claimant "must show 'some degree of success on the merits'" to recover attorney's fees under Section 1132(g)(1). *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citation omitted). If the litigant achieves some success on the merits, the court considers the *Hummell* factors, before exercising discretion to award fees. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).

### B.    Plaintiff's Records Are Per Se Unreliable

Plaintiff has now submitted **three** different sets of billing records to this Court— the first replete with blanket redactions and arithmetic errors, the second containing alterations to the very narratives counsel previously certified under penalty of perjury as accurate, and the third with more narrative changes from the second submission, and records replete with hundreds of hours of block-billed, vague entries.

As addressed above in Section II, *supra*, the Court has already correctly found different record dates than in Plaintiff's original submission, and several entries had filler words of "support," which appears to strategically add time to the records. (*Compare* Dkt. 93-3 *with* Dkt. 93-4.) None of this is a formatting error.

With the current submission, Plaintiff's counsel altered the descriptions again—the entries which were previously changed to only show "support," now reflect vague entries

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

for brief drafting. (*Compare* Dkt. 93-4 *with* Dkt. 104-5.) Plaintiff's new submission also includes an entry on 5/2/2024 with no billable time, and no charge, without any explanation. (*See* 104-5, at p. 3.)[5] The actual substance of Plaintiff's entries are block-billed, asking for thousands of dollars per entry, for vague, copy-pasted submissions like:

| 2/3/2024 | Strategize and respond to Defendants' motion to dismiss SAC | 4 | 750 | 3000 |
| 2/5/2024 | Strategize and respond to Defendants' motion to dismiss SAC | 2 | 750 | 1500 |

(Dkt. 104-5, p. 3.)

And nine more identical entries, for an additional $35,200 requested:

| 4/21/2025 | Drafting Opening Appellate Brief and legal research re: Campbell v. United et al. | 7.8 | 800 | 6240 |
| 4/22/2025 | Drafting Opening Appellate Brief and legal research re: Campbell v. United et al. | 6.1 | 800 | 4880 |

(*Id.* at p. 8.)

Perhaps most glaring is the **twenty-seven** identical "drafting reply appellate brief" entries, totaling a requested $74,400:

| 11/9/2025 | Drafting Reply Appellate Brief and legal research re: same Campbell v. United et al. | 6 | 800 | 4800 |
| 11/10/2025 | Drafting Reply Appellate Brief and legal research re: same Campbell v. United et al. | 4.3 | 800 | 3440 |
| 11/11/2025 | Drafting Reply Appellate Brief and legal research re: same Campbell v. United et al. | 6.6 | 800 | 5280 |

(*Id.* at pp. 9-10.)

A fee applicant bears the burden of producing satisfactory evidence including detailed, contemporaneous billing records, to justify the requested award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Where the records submitted are inadequate, vague, or unreliable, the district court may reduce the award or deny it entirely. *Hensley*, 461 U.S. at 433. As the fee applicant, Plaintiff "bears the burden of documenting the appropriate hours expended in the litigation and **must** submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (emphasis added).

Most importantly, billing entries must be contemporaneously maintained if submissions are to be accurate. *Taylor v. Cty. of Los Angeles*, 50 Cal.App.5th 205, 207 (Ct. App. 2020); *U.S. v. $12,248 U.S. Currency*, 957 F.2d 1513, 1521 (9th Cir. 1991) (noting a "strong preference for contemporaneous time records."). The Ninth Circuit has cautioned that "reconstructed" records—*i.e.*, those created or modified after the fact, are

---

[5] This shows "specific and logical indicia of unreliability confirmed by comparison to the unredacted, original time sheets."

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

entitled to little weight. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). Here, there can be no dispute that Plaintiff's billing records were created after-the-fact, as they have changed with each submission to the Court. This, alone, is "specific and logical indicia of unreliability."

And vague descriptions, such entries reading "research and writing for appellate brief," or here, "support," are inadequate to satisfy the applicant's heavy burden to present well-documented claims. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (noting as inadequate a law clerk's records with identical one line entries for "'[r]esearch and writing for appellate brief,' on eight consecutive weekdays: the clerk billed 8.25, 6.25, 7.25, 8.25, 7.25, 4, 8, and 4.25 hours on those days.'")

Courts have not hesitated to deny fees outright where records are unreliable and appear to seek excessive fee awards. *See New England Country Foods, LLC v. VanLaw Food Prods., Inc.*, 2022 WL 2189515, at *4 (C.D. Cal. Mar. 29, 2022); *Settlegoode v. Portland Pub. Schs.*, 2005 WL 1899376, at *6 (D. Or. Aug. 9, 2005).

The Ninth Circuit instructed that the Court shall award attorneys' fees "absent specific and logical indicia of unreliability confirmed by comparison to the unredacted, original time sheets." (Dkt. 100, pp. 7-8.) Such a showing is present here. Plaintiff's unredacted original timesheets have been materially changed several times, despite counsel previously verifying their accuracy under penalty of perjury, (Dkt. 68-2; Dkt. 81-2), some entries are on different dates than what was originally claimed, and the majority of the entries are copy-pasted, seeking a month's worth of work with the same vague "drafting" and "legal research" description. Plaintiff's records should be rejected for a fourth time.

**C.** **The *Hummell* Factors Do Not Support An Award Of Fees To Plaintiff.**

While Plaintiff will likely be able to show more than a mere trivial success on the merits because of the Memorandum, the Court must still consider the *Hummell* factors, *see Simonia*, 608 F.3d at 1121, which do not support an award of fees.

**1.** ***Lack Of Culpable Behavior.***

9

First, there is no evidence of bad faith. As a factor for assessing whether an award of fees is warranted in an ERISA action, "[b]ad faith normally connotes an ulterior motive or sinister purpose." *McGuffey v. Brink's, Inc.*, 594 F. Supp. 2d 553, 556 (E.D. Pa. 2009). Here, Plaintiff has not (and cannot) come forward with any evidence that Defendants acted with a "sinister purpose" or in a fraudulent or deceitful manner. Indeed, the Court entered judgment for Defendants on the Assistant Claim, EGD Claim, and Count II, and remanded one of the claims for reevaluation. (Dkt. 64.)

On appeal, the Ninth Circuit found that United abused its discretion in repeating the "same" ambiguous rationale for denying Plaintiff's Assistant Claim. (*See* Dkt. 100 at p. 4.) Respectfully, this conclusion runs counter to the record, which shows that United sent Dr. Rim correspondence noting that it received his claim, but that before it could process the claim, it "need[s] more information," **listing the specific information needed** from Dr. Rim. (AR 589.)

Finally, with regard to the Surgeon Claim, as the Court explained, Plaintiff did not supply evidence that it requested UCR price data in the litigation. (Dkt. 80.) On remand, United determined that the "Allowed Amount of $1,674.57 still remained correct post-Judgment repricing." (Dkt. 68-2, p. 30.) United's reprocessing shows United had determined "UCR" to be equivalent to "par median," which is how the 2021 version of the plan interprets UCR, showing United's original determination was not in bad faith. (Dkt. 68-2, p. 35.)

As to Plaintiff's statutory penalties claim, the Ninth Circuit appears to suggest that United should be liable, despite the fact that Plaintiff's SAC does **not** bring a penalties against United, only Insperity. (*See* Dkt. 18.) And no evidence suggests that Plaintiff ever sent such a request to Insperity to trigger liability for Insperity. (*See* Dkt. 45-1, p. 8.)

United interpreted the evidence differently than Plaintiff, but that does not render its decision culpable or in bad faith. *See Black v. Greater Bay Bancorp Exec. Supp. Comp. Benefits Plan*, 2018 WL 1510084, at *4 (N.D. Cal. Mar. 27, 2018)); *Marchant v. Faurecia Exhaust Systems, Inc.*, 411 F. Supp. 2d 834, 836 (S.D. Ohio 2005). The first

10

326682401v.6

*Hummell* factor does not support a fee award.

### 2.     *Defendants' Ability To Pay Fees and Deterrence.*

Although Defendants have the financial ability to pay fees, this factor is one of many, and is not determinative. *See Carpenters So. Calif. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

Fees are also not justified because substantial evidence supported the benefits determinations and, in fact, judgment was entered for Defendants on many claims before the Memorandum. As to the Assistant Claim, an award of fees will have no deterrent effect upon United because it needs documentation to substantiate claims for payment, and it denied the Assistant Surgeon Claim on this basis. Considering documentation to consider whether a claim is payable or not is a hallmark of claims processing. (*See also* Dkt. 80, p. 4.)

### 3.     *Plaintiff Did Not Seek To Benefit All Participants Or Resolve A Significant ERISA Legal Issue.*

Plaintiff has not sought to resolve a significant legal question. Plaintiff was concerned with her individual denial of benefits, she did not seek to have a plan term clarified, nor did she achieve a result that will provide a benefit to others. *See Gurasich v. IBM Ret. Plan*, 2016 WL 3683044, at *5 (N.D. Cal. July 12, 2016); (*see* Dkt. 80, p. 4.)

### 4.     *Defendants' Position Had Substantial Merit.*

Defendants' position in this lawsuit was not unmeritorious: Defendants succeeded on motions to dismiss, (Dkt. 36), narrowing this dispute. Defendants successfully achieved judgment on the EGD Claim, the Assistant Surgeon Claim, and Count II, (Dkt. 64), before Plaintiff appealed the judgment as to the Assistant Surgeon Claim and Count II, which was reversed. (Dkt. 71; 100.)

As to the Surgeon Claim, United explained the reasoning as to why it adjudicated the claim based upon "par median" pricing. Defendants also believe the Ninth Circuit's reasoning regarding the Assistant Surgeon Claim or the statutory penalties claim was based on a misunderstanding of the record and SAC, as explained *supra* and *infra*.

11

326682401v.6

Therefore, this *Hummell* factor does not support a fee award.  *See Honolulu Joint Apprenticeship and Training Comm. Of United Assoc. v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003).

### D.      Special Circumstances Make An Award Unjust.

Assuming *arguendo*, that the Court determines that Plaintiff achieved some degree of success on the merits and that the *Hummell* factors support an award of fees, special circumstances make an award of fees unjust.  Ordinarily, an award of reasonable fees is appropriate to a prevailing ERISA party, absent special circumstances cautioning against it.  *See Canseco v. Construction Laborers Pension Trust for Southern California*, 93 F.3d 600, 609-10 (9th Cir. 1996).

Here, it would be unjust to award Plaintiff nearly $500,000[6] in fees under these circumstances, where the Court has "serious doubt upon the accuracy and reliability" of the billing records as a whole.  (Dkt. 90, p. 2.)  Plaintiff has repeatedly wasted judicial resources without regard to the Court's orders, submitted unreliable records, block-billed vague, copy-pasted entries, in a case where Defendants' positions had substantial merit.

### E.      Plaintiff's Requested Fee Is Unreasonable And Unsupported.

If the Court concludes that Plaintiff is entitled to an award of attorney's fees, the Court must then determine the appropriate amount of the fee.  The Ninth Circuit has adopted a lodestar/multiplier approach, *Van Gerwen v. Guarantee Mutual Life. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000), which has two parts.  First, a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Id.*  In determining what constitutes a reasonable fee, the Court may take into account any factors set forth in *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) that it finds to be relevant.  Second, a court may adjust the lodestar amount upward or downward based on *Kerr* factors that are "not

---

[6] This amount of claimed fees is alarming, especially where Defendants sought $144,000 in fees and costs up through trial in this matter.  (Dkt. 69.)  Plaintiff cannot reasonably explain how a relatively uncomplicated appeal could cause fees to triple.

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

already subsumed in the initial calculation of the lodestar." *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996).

Also, with respect to the Ninth Circuit's Memorandum, it has not mandated that the Court award fees here, as it acknowledged that the Court may deny fees with a showing of "specific and logical indicia of unreliability confirmed by comparison to the unredacted, original time sheets." This Court has found specific and logical indicia of unreliability once, twice, three times already, and can do so again a fourth time.[7]

### 1.    *Hourly Rate.*

The first step in the lodestar analysis is to determine the reasonable hourly rate. *Teicher v. Regence Health and Life Ins. Co.*, 2008 WL 5071679, *4 (D. Or. Nov. 24, 2008). Here, Plaintiff's requested hourly rate of $750 to $825 is unreasonable, and has been rejected by this Court. (Dkt. 80, p. 6.)

When determining a reasonable hourly rate, courts consider whether the stated rates are consistent with those charged by other attorneys with comparable ability and reputation in cases of similar complexity. *Welch*, 480 F.3d at 946. Rate determinations in other cases, particularly those setting a rate for plaintiff's attorneys, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff's counsel spends much time comparing his time and hourly rate to those of his opponents. Respectfully, the Court already determined that considering Ms. Slaught's rate "is not comparable," because she has "significantly more experience than him." (Dkt. 80 at p. 6.)[8] Counsel for Defendants also bills their rates to paying clients; Mr. Stieglitz does not. The Court found that a $600 rate is reasonable for Mr. Stieglitz.

While Mr. Stieglitz attempts to compare his billable rate to attorneys who work in

---

[7] Denying fees should deter future doctoring and packing of fees in fee requests in cases such as this.

[8] Ms. Slaught is a partner at Seyfarth Shaw LLP, who has been practicing for over 30 years, and her rate requested in this matter was $770 an hour, which is a reduced case-specific rate. (Dkt. 69-1, at ¶ 5.)

13

law firms who charge billable hours to clients to justify an exorbitant rate, he conveniently omits the *Emsurgcare v. UnitedHealthcare Ins. Co.* matter (2026 WL 1048245 (C.D. Cal. Apr. 3, 2026)).  There, the court considered Plaintiff's counsel's request for an hourly rate of $750 and $800 for work completed in 20214 and 2025.  *Id.* at *6.  The court determined a reasonable hourly rate for Mr. Stieglitz is $650, agreeing with the reasoning of this Court.

The Court should continue to find a $600 rate reasonable for Mr. Stieglitz.

**2.    *Plaintiff's Fee Request Should Be Denied Because Her Counsel's Time Records Are Wholly Inadequate.***

The next step in the lodestar analysis is to determine the number of hours "reasonably expended."  *Van Gerwen*, 214 F.3d at 1045.  A fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of the hours worked.  *Welch*, 480 F.3d at 948; *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).

Here, even if the Court finds Plaintiff's records are reliable (it should not), Plaintiff's fee request should be further denied because (a) a majority of the time entries appear to contain vague and inadequate descriptions, (b) many entries appear to be block-billed, copy/pasted entries with 5, 6, 7, and 8 plus hours of daily time; (c) Plaintiff seeks excessive amounts of time on post-trial briefing for a windfall.

Plaintiff's vague, copy/pasted descriptions are practically identical to the law clerk's time in *Role Models*, where the clerk billed 8.25, 6.25, 7.25, 8.25, 7.25, 4, 8, and 4.25 hours on identical one-line entries for research and writing for appellate brief.  353 F.3d at 971.  Courts have held that fees requested for block billed entries will be significantly reduced or disallowed.  *See Prineville Sawmill Co. v. Longview Fibre Co.*, 2003 WL 23957141, *1-2 (D. Or. Apr. 23, 2003).  Plaintiff's entries make it impossible to break down hours on a task-by-task basis.  *See Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000).  The Court should reject Plaintiff's motion on this basis.

As to post-trial fees, Plaintiff seeks an extraordinary amount—over $295,000—and

14

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

argues her counsel "spent" over 245 hours on appellate briefing (124.3 hours for the opening brief and 122.4 hours for the reply brief), nearly all with the same inadequate description related to drafting and legal research. (*See* Dkt. 104-5.) This practice says less about diligence and more about Plaintiff's prospects of a fee award. *See Mizoguchi v. Unum Life Ins. Co. of Am.*, 2025 WL 3049875, *4 (C.D. Cal. May 9, 2025). "[T]here is a point at which thorough and diligent litigation efforts become overkill. The Court must disallow claims for excessive, redundant, or otherwise unnecessary' charges." *Oklahoma Aerotronics, Inc. v. U.S.*, 943 F.2d 1344, 1347 (D.C. Cir. 1991). Indeed, "[c]ustomers paying hundreds of dollars an hour are entitled to accurate and detailed billing records." *See New England Country Foods*, 2022 WL 2189515, at *4.

Moreover, Plaintiff's excessive fee request could not "reasonably have been billed to a private client," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008), especially where the amount requested dwarfs the amount recoverable. *See McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) ("But no reasonable person would pay lawyers $148,000 to win $34,000.").

Plaintiff also requests reimbursement for time spent drafting the multiple attorneys' fees motions, which caused Defendants and the Court to needlessly expend resources, due to counsel's own failures, and despite the Court already finding he should not be awarded time for this. (Dkt. 80, p. 8.) This time should plainly not be allowed.

### 3.    *The Kerr Factors Do Not Support An Upward Adjustment.*

The last step is to determine if the lodestar amount should be adjusted upward or downward based on any of the *Kerr* factors. The initial lodestar amount as determined by the court subsumes consideration of each of the *Kerr* factors and establishes the presumptively reasonable amount of fees to be awarded. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). Thus, the novelty and complexity of the issues, the special skill and experience required, the quality of representation, and the results obtained may not serve as independent bases for adjusting the lodestar, because those factors are already deemed to have been factored into the lodestar. *See Jordan v. Multnomah Cty.*, 815 F.2d 1258,

15

1262 n.6 (9th Cir. 1987).  It is also not proper to enhance a fee award because a case was taken on a contingent basis.  *See Settlegoode*, 2005 WL 1899376 at *2.  A multiplier may be used to adjust the lodestar amount upward or downward only in "rare" and "exceptional" cases, supported by "specific evidence" on the record that the lodestar amount is unreasonably low or unreasonably high.  *Teicher*, 2008 WL 5071679 at *2.  The party seeking fees bears the burden of justifying an upward departure from the lodestar.  *Van Gerwen*, 214 F.3d at 1045.

Here, the *Kerr* factors do not warrant an upward adjustment; but, instead, should result in the fees being denied in full or, at the very least, reduced by 75%.

**F.      The Court Should Refuse To Award Plaintiff Interest and Costs.**

The Memorandum did not entitle Plaintiff to pre-judgment or post-judgment interest, and there is no evidence to suggest she paid the unpaid benefit out-of-pocket, especially where she assigned her rights to benefits to out-of-network providers, and where United reprocessed the claim paying additional benefits directly to the providers. This is not a matter where Plaintiff is owed a sum of money, such as under a pension plan or long-term disability benefit plan.  *See Caplan v. CAN Financial Corp.*, 573 F. Supp. 2d 1244, 1253 (N.D. Cal. 2008).  Plaintiff's motion is wholly unreliable, it should be denied in full.

**G.      Plaintiff's Statutory Penalties Claim Is Untenable**

Separate and apart from the deficiencies in Plaintiff's fee records, the Court should decline to impose statutory penalties under 29 U.S.C. § 1132(c)(1) against United.

*First*, the § 1132(c)(1) claim was never brought against United, an issue overlooked and not considered in the Memorandum by the Ninth Circuit.  The SAC confirms that Plaintiff's Count II was asserted against Insperity, not United.  It is black-letter law that a party cannot obtain relief on a claim it never pleaded.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).  The Ninth Circuit's remand instruction to "impose fees consistent with this disposition" does not, and could not, authorize the entry

16

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

of a penalty against a defendant who was never named in the underlying claim.

*Second*, the claim was brought against Insperity, the named "plan administrator" identified in the SAC.  Plaintiff elected to plead her statutory claim against Insperity, and Defendants litigated this case through trial on the briefs and the prior fee proceedings on that understanding.  While the Ninth Circuit's Memorandum found that United acted as a plan administrator, this cannot retroactively transform Plaintiff's pleadings or "swap" defendants against whom the § 1132(c)(1) claim was never asserted.

*Third*, imposing penalties against United, on a claim never brought against it, would violate fundamental principles of notice and due process.  The F.R.C.P. and due process require that a defendant receive fair notice of the claims asserted against it and a meaningful opportunity to defend.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Pickern*, 457 F.3d at 968-69.  United had no opportunity to offer evidence and then defend itself on summary judgment, trial, or on appeal against a statutory penalties claim because no such claim was ever directed at it.  If it had notice, United would have presented evidence and made arguments differently.  To impose penalties now—on remand, on a claim **not** in the SAC and that United **never had to defend against**—would deprive United of that opportunity and is fundamentally unfair.  *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466–67 (2000).

For these reasons, Plaintiff's statutory penalties claim fails.  Defendants respectfully refer the Court to its concurrently-filed motion seeking clarification and other relief.  Alternatively, the Court should order an evidentiary hearing to determine whether Plaintiff ever submitted a document request to Insperity; there is no proof of mailing or receipt and no basis to set any penalty date.  Plaintiff's penalty request lacks any factual support.

/ / /

/ / /

17

326682401v.6

## IV.   CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion in all respects.

DATED: June 26, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught
Ryan R. Tikker

Attorneys for Defendants
UNITEDHEALTHCARE
INSURANCE COMPANY and
INSPERITY HOLDINGS, INC.

18

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains 18 pages and 5,593 words, which complies with the page and word limit of L.R. 11-6.1 and the Court's procedures.

DATED: June 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught
Ryan R. Tikker

*Attorneys for Defendants*

19

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

/s/ Kathleen Cahill Slaught
Kathleen Cahill Slaught

20

DEFS' OPPOSITION TO PL'S FOURTH MOTION FOR ATTORNEY'S FEES

326682401v.6